UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               Case No.   8:04-cr-111-T-23EAJ
                                                            8:05-cv-326-T-23EAJ
LARRY DENNIS HUCKEBA
_____/

**O R D E R**

Huckeba's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for distributing five grams or more of methamphetamine, for which offense he was sentenced to 57 months.  The United States argues that, as part of a plea agreement, Huckeba waived his right to raise the grounds asserted in the motion to vacate.

**FACTS**[1]

> On October 20 and 21, 2003, a confidential source ("CS") negotiated a one-ounce crystal-methamphetamine ("ice") transaction with Defendant Huckeba over the telephone.  On the afternoon of October 21, 2003, the CS traveled to the residence of Defendant Huckeba . . . .  Once there, the CS provided Defendant Huckeba with $2,400 in United States currency in exchange for two plastic bags containing crystal-methamphetamine.  The crystal-methamphetamine was tested by a DEA laboratory, which determined that its net weight was 29.2 grams and that its purity level was 85 percent.  Therefore, the new weight of the "actual" methamphetamine sold by Defendant Huckeba to the CS on October 21, 2003, was 24.8 grams.
>
> On October 22, 2003, a federal search warrant was executed at Defendant Huckeba's residence . . . .  Among other things, law enforcement officers found $2,716 in United States currency.  By examining the serial numbers of the bills, law enforcement officers determined that $500 of these funds were from the $2,400 payment that the CS had made to Defendant Huckeba the previous afternoon.  The

---

[1] This summary of the facts derives from the plea agreement (Doc. 13).

>remaining $2,216 constituted proceeds form the sale of narcotics by Defendant Huckeba and was seized.

## GROUNDS

Huckeba alleges in ground one that the United States violated the plea agreement because his sentence was enhanced based on methamphetamine sales not alleged in either the information or the plea agreement. In ground two Huckeba alleges that he is entitled to a new sentencing based on United States v. Booker, 543 U.S. 220 (2005). In ground three Huckeba alleges that his counsel rendered ineffective assistance by stating that Huckeba admitted to the additional methamphetamine sales. The United States correctly argues that Huckeba's grounds are not subject to review on the merits.

Huckeba's conviction is based on a negotiated plea. The plea agreement specifically states that Huckeba "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the 'safety valve' provision contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines. . . ." Plea Agreement ¶5 at 10 (Doc. 13). Huckeba was sentenced to the guidelines minimum of 57 months imprisonment, which was neither an upward departure nor above the statutorily authorized maximum sentence. Consequently, Huckeba's waiver of his right to challenge the guidelines sentence is controlling.

The magistrate judge ensured during the entry of the guilty plea that Huckeba understood the significance of the appeal waiver.

- 2 -

>THE COURT:  There's also a provision called appeal of sentence waiver and in this part of your plea agreement, you state that you understand that you will receive a sentence subject to the sentencing guidelines.  And you understand that such a sentence does not provide parole.  This provision states that knowing this, you agree that the Court may impose any sentence authorized by law.  And you agree to give up your right to challenge your sentence on any issue except for three things: an upwards departure from the guidelines, the sentencing guidelines; a sentence which violates the law apart from the sentencing guidelines; and a sentence which exceeds the statutory maximum penalty.  So those are — those are things that you can appeal, but only those three things.  Do you understand that?
>
>THE DEFENDANT:  Yes, ma'am.
>
>THE COURT:  And this applies not only to any appeal of your sentence but any other legal challenge that you might make to your sentence after its imposed such as a motion for post-conviction relief or some other legal challenge.  Do you understand that ?
>
>THE DEFENDANT:  Yes, ma'am.
>
>THE COURT:  Have you talked with your attorney about this part of your agreement?
>
>THE DEFENDANT:  Yes.
>
>THE COURT:  Okay.  Do you make it voluntarily?
>
>THE DEFENDANT:  Yes, ma'am.
>
>THE COURT:  And do you understand, sir, that this means that you cannot challenge your sentence on any other guidelines issue except for an upwards departure?
>
>THE DEFENDANT:  I understand.

Transcript of Guilty Plea at 15-16 (Doc. 29).  Consequently, the appeal waiver precludes Huckeba's Booker challenge asserted in grounds one and two, United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) ("[T]he right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement.  Broad waiver language

- 3 -

covers those grounds of appeal."), and the ineffective assistance of counsel claim asserted in ground three. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (a valid appeal waiver precludes a Section 2255 claim based on ineffective assistance of counsel at sentencing).

Moreover, ground one is meritless because the United States never charged Huckeba with the additional methamphetamine sales[2] included in the presentence report's sentence recommendation, and the plea agreement never excluded the use of the additional sales to determine an appropriate sentence. Ground two is meritless because Apprendi and Booker are inapplicable on collateral review. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because Blakely, like Ring [v. Arizona, 536 U.S. 584 (2002)], is based on an extension of Apprendi [v. New Jersey, 530 U.S. 466 (2000)], Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) ("Regardless of whether Booker established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review.").

Also meritless is ground three, in which Huckeba alleges that counsel was ineffective for advising the court that Huckeba admits the additional offenses. Huckeba, who was beside his counsel, never objected to the representation, nor disputed the representation when he addressed the court prior to pronouncement of the sentence.

---

[2] Huckeba's plea is based on methamphetamine involved in both the October 21, 2003, sale to the confidential source and the methamphetamine seized during his arrest on October 22, 2003. The presentence report cited three additional sales to an undercover officer in the preceding month.

Furthermore, as explained in the response (Doc. 5), the admission was part of an agreement counsel reached with the United States immediately before sentencing that allowed Huckeba to cut his likely sentence in half.  As a consequence, Huckeba received each downward adjustment contemplated by the plea agreement, and more.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Huckeba and close this action.

ORDERED in Tampa, Florida, on February 13, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE